IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION No. |
| ) | |
| CITY OF BOSTON, ) | COMPLAINT |
| MASSACHUSETTS; THOMAS M. ) | |
| MENINO, in his official capacity as ) | THREE-JUDGE COURT |
| Mayor of the City of Boston; ) | |
| BOSTON CITY COUNCIL: ) | 05-11598 WGY |
| MICHAEL F. FLAHERTY, PAUL J. ) | |
| SCAPICCHIO, JAMES M. KELLY, ) | Referred to MJ Leo T Sorokin |
| MAUREEN E. FEENEY, ) | |
| CHARLES C. YANCEY, ROB ) | |
| CONSALVO, JOHN TOBIN, ) | |
| CHUCK TURNER, MICHAEL P. ) | |
| ROSS, JERRY P. MCDERMOTT, ) | |
| FELIX D. ARROYO, MAURA ) | |
| HENNIGAN, STEPHEN J. ) | |
| MURPHY; BOSTON ELECTION ) | |
| DEPARTMENT; GERALDINE ) | |
| CUDDYER, in her official capacity ) | |
| as Chair of the Boston Election ) | |
| Department, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

The United States of America, Plaintiff herein, alleges:

1. The Attorney General files this action seeking injunctive and declaratory relief pursuant to Sections 2, 3, 12(d), and 203 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1973, 1973a(a), 1973j(d), 1973aa-1a, 1973aa-2, and 28 U.S.C. § 2201.

## JURISDICTION

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345 and 42 U.S.C. §§ 1973j(f), 1973aa-2. The claim pursuant to Section 203 of the Voting Rights Act requires that the action be heard and determined by a court of three judges in accordance with the provisions of 42 U.S.C. § 1973aa-2 and 28 U.S.C. § 2284.

## PARTIES

3. Defendant City of Boston ("City" or "Boston") is a geographical and political subdivision of the Commonwealth of Massachusetts ("Commonwealth" or "Massachusetts") and exists as a charter city organized pursuant to the laws of Massachusetts.

4. Defendant Thomas M. Menino is the Mayor of Boston, with the responsibility of serving as the chief executive officer of the City, appointing the members of the Election Department and selecting election officers. Defendant Menino is a resident of Boston and is sued in his official capacity.

5. Defendant City Council is the legislative body of the City of Boston, with responsibilities which include adopting appropriations and making bylaws or ordinances, including those which impose duties of the City on departments and department heads.

6. Defendant Michael F. Flaherty is the City Council President. Defendant Flaherty is a resident of the City and is sued in his official capacity.

7. Defendants Paul J. Scapicchio, James M. Kelly, Maureen E. Feeney, Charles C. Yancey, Rob Consalvo, John Tobin, Chuck Turner, Michael P. Ross, Jerry P. McDermott, Felix D.

Arroyo, Maura Hennigan, and Stephen J. Murphy are Members of the City Council. Each of these Defendants is a resident of the City and is sued in his or her official capacity.

8. Defendant Election Department is the City department responsible for the conduct of voter registration and elections held in the City. The Election Department conducts all municipal, state, and federal elections within the City and is responsible to ensure that elections are properly managed and conducted in accordance with municipal, state, and federal laws.

9. Defendant Geraldine Cuddyer is the Chair of the Election Department, with duties, powers, and responsibilities concerning the administration of elections held in Boston. Defendant Cuddyer is a resident of the City and is sued in her official capacity.

## ALLEGATIONS

10. According to the 2000 Census, Boston has a total population of 589,141, and a citizen voting-age population of 388,579 persons. Boston's Hispanic population is 85,089, representing 14.4% of the City's total population. There are 33,596 Hispanic voting age citizens, representing 8.6% of the City's citizen voting age population. Boston's Chinese population is 19,885 and the Vietnamese population is 11,126, representing 3.4% and 1.8% respectively of the City's total population. There are 9,825 and 4,220 Chinese and Vietnamese voting age citizens respectively among whom 50.1% of the Chinese citizen voting age population and 61.2% of the Vietnamese citizen voting age population are limited English proficient.

11. Boston is subject to the requirements of Section 203 for the Spanish language, pursuant to the designation by the Director of the Census. The Director has determined that more than 10,000 of Boston's voting-age citizens are members of a single language minority group

(Spanish heritage or Hispanic) who do not speak or understand English well enough to participate in the English-language election process and have an illiteracy rate that is higher than the national illiteracy rate. 42 U.S.C. § 1973aa-1a(b)(2); see also 67 Fed. Reg. 48,871 (July 26, 2002). The determination of the Census Bureau that the City of Boston is covered by Section 203 for Spanish is final and non-reviewable. 42 U.S.C. § 1973aa-1a(b)(4).

12. The City of Boston has been continuously covered under Section 203 to provide bilingual elections in Spanish since September 18, 1992. 57 Fed. Reg. 43,213 (Sept. 18, 1992); 67 Fed. Reg. 48,871 (July 26, 2002). The Department of Justice has directly notified election officials, including Boston election officials, in all jurisdictions covered under Section 203 and has provided information regarding the requirements of Section 203. The Department of Justice directly notified Boston election officials of its Section 203 responsibilities in meetings between Civil Rights Division attorney and the City's Election Department Chairs subsequent to the 1990 and 2000 Census designations, respectively, and in letters dated September 21, 1992, July 26, 2002, and August 31, 2004.

13. Because the city of Boston is subject to the requirements of Section 203, "any registration or voting notice, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots" that Defendants provide in English must also be furnished in Spanish. 42 U.S.C. § 1973aa-1a.

## FIRST CAUSE OF ACTION

14. Plaintiff hereby realleges and reincorporates by reference paragraphs 1-13 above.

15. In conducting elections in Boston, Defendants have failed to provide election-

related materials, information, and/or assistance in Spanish including, but not limited to, the following:

    (a)    Failing to recruit, appoint, train, and maintain an adequate pool of bilingual poll officials capable of providing effective language election information and assistance to limited English proficient Hispanic citizens; and

    (b)    Failing to translate into Spanish all election-related announcements, instructions, and notices at election sites; and in particular, failing to translate into Spanish information available in English on the Election Department's website, or to have any effective alternate method of disseminating such information in Spanish.

16.    Defendants' failure to provide assistance at all of the polls when such assistance is needed, to recruit, train and assign bilingual poll workers and to translate election information in Spanish and provide adequate bilingual assistance, as described herein, constitutes a violation of Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a.

17.    Unless enjoined by this Court, Defendants will continue to violate Section 203 by failing to provide limited English proficient Hispanic citizens of Boston with Spanish-language election information and assistance necessary for their effective political participation.

## SECOND CAUSE OF ACTION

18.    Plaintiff hereby re-alleges and reincorporates by reference to paragraphs 1-17 above.

19.    Section 2 of the Voting Rights Act prohibits Defendants from applying or imposing any "voting qualification or prerequisite to voting or standard, practice, or procedure" which

results in a denial or abridgment of the right to vote on account of race or color, or membership in a language minority group, including Asian American citizens and citizens of Spanish heritage.

20.     In conducting elections in Boston, Defendants have abridged the right of limited English proficient members of language minority groups to vote, in their actions:

(a)     Treating limited English proficient Hispanic and Asian American voters disrespectfully;

(b)     Refusing to permit limited English proficient Hispanic and Asian American voters to be assisted by an assistor of their choice;

(c)     Improperly influencing, coercing or ignoring the ballot choices of limited English proficient Hispanic and Asian American voters;

(d)     Failing to make available bilingual personnel to provide effectively assistance and information needed by minority language voters; and

(e)     Refusing or failing to provide provisional ballots to limited English proficient Hispanic and Asian American voters.

21.     Under the totality of the circumstances that exist in Boston, Defendants' conduct has had the effect of denying limited English proficient Hispanic and Asian American voters an equal opportunity to participate in the political process and to elect candidates of their choice on an equal basis with other citizens in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

22.     Unless enjoined by this Court, Defendants will continue to violate Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, by enforcing standards, practices, or procedures that deny limited English proficient Hispanic and Asian American voters the opportunity to participate effectively in the political process on an equal basis with other members of the electorate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, United States, prays that this Court enter an order:

1.  With respect to Plaintiff's First Cause of Action:

(a)  Declaring that Defendants have failed to provide Spanish language election information and assistance necessary to those who require it in Spanish in violation of Section 203 of the Voting Rights Act, 42 U.S.C. § 19733aa-1a;

(b)  Enjoining Defendants, their employees, agents and successors in office, and all persons acting in concert with them, from failing to provide Spanish language election information and assistance to persons with limited English proficiency as required by Section 203, 42 U.S.C. § 19733aa-1a; and

(c)  Requiring Defendants to devise, publicize and implement a remedial plan to ensure that Spanish-speaking citizens are able to participate in all phases of the electoral process as required by Section 203, 42 U.S.C. § 19733aa-1a.

2.  With respect to Plaintiff's Second Cause of Action:

(a)  Declaring that Defendants have violated Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, because their actions have resulted in the denial or abridgement of the rights of limited English proficient Hispanic and Asian American voters;

(b)  Enjoining Defendants, their agents and successors in office, and all persons acting in concert with them, from implementing practices and procedures that deny or abridge the rights of limited English proficient Hispanic and Asian American citizens in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973; and

(c)  Requiring Defendants to devise and implement a remedial program that provides

Boston's limited English proficient Hispanic and Asian American citizens the opportunity to fully participate in the political process consistent with Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

3. Plaintiff further requests that this Court:

(a) Authorize the appointment of federal examiners for elections held in Boston pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a) until December 31, 2007;

(b) Award Plaintiff the costs and disbursements associated with the filing and maintenance of this action; and

(c) Award such other equitable and further relief as the Court deems just and proper.

Date: ___ day of July, 2005

ALBERTO GONZALES
Attorney General

BRADLEY J. SCHLOZMAN
Acting Assistant Attorney General

MICHAEL J. SULLIVAN
United States Attorney

JOHN K. TANNER
Chief, Voting Section

SUSANA LORENZO-GIGUERE
Special Counsel
Civil Rights Division - NWB
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530
(202) 514-9822

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
City of Boston, et al.

05-11598 WGY

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney'S (Firm Name, Address, and Telephone Number)
John Tanner/Susana Lorenzo-Gioguere
Civil Rights Division-NWB, 950 Pennsylvania Avenue. N.W.
Washington, D.C. 20530
(202) 514-9822

Attorneys (If Known)
Mark Sweeney
City of Boston
One City Hall Square
Boston, MA 02201

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X " in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. § § 1973

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 7/29/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

This form was electronically produced by Elite Federal Forms, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  United States of America v. City of Boston, et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   05-11598 WGY

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐    X NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC §2403)
   YES ☐    X NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ☐    X NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES    X NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION        CENTRAL DIVISION ☐      WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Susana Lorenzo-Giguere
ADDRESS  U.S. Attorney's Office, Civil Rights Division, NWB, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530
TELEPHONE NO.  (202) 514-9822

(CategoryForm.wpd - 11/27/00)