IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. |
| ) | |
| CITY OF BOSTON, ) | **05-11598 WGY** |
| MASSACHUSETTS; THOMAS M. ) | |
| MENINO, in his official capacity as ) | |
| Mayor of the City of Boston; ) | **UNITED STATES' APPLICATION** |
| BOSTON CITY COUNCIL: ) | **FOR DESIGNATION OF A DISTRICT** |
| MICHAEL F. FLAHERTY, PAUL J.) | **COURT OF THREE JUDGES AND** |
| SCAPICCHIO, JAMES M. KELLY, ) | **SUPPORTING AUTHORITIES** |
| MAUREEN E. FEENEY, ) | |
| CHARLES C. YANCEY, ROB ) | |
| CONSALVO, JOHN TOBIN, ) | |
| CHUCK TURNER, MICHAEL P. ) | |
| ROSS, JERRY P. MCDERMOTT, ) | |
| FELIX D. ARROYO, MAURA ) | |
| HENNIGAN, STEPHEN J. ) | |
| MURPHY; BOSTON ELECTION ) | |
| DEPARTMENT; GERALDINE ) | |
| CUDDYER, in her official capacity ) | |
| as Chair of the Boston Election ) | |
| Department, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff United States respectfully requests that a district court of three judges be convened to hear and determine the first cause of action of the Complaint in this case. In support of this request, Plaintiff states:

1. The United States' complaint alleges, <u>inter alia</u>, non-compliance by the City of Boston, Massachusetts, with the minority language requirements of Section 203 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973aa-1a.

2. Section 204 of the Voting Rights Act, 42 U.S.C. 1973aa-2, provides that whenever the Attorney General institutes an action to enforce Section 203 of the Voting Rights Act, the action shall be heard and determined by a court of three judges in accordance with 28 U.S.C. 2284.

3. The Complaint requests a permanent injunction prohibiting defendants from further non-compliance with Section 203 of the Voting Rights Act, which must be heard and determined by the three-judge panel. See generally United States v. Metropolitan Dade County, 815 F. Supp. 1475, 1477 (S.D. Fla. 1993) (describing convening of three-judge panel in Section 203 case, while addressing as a single judge a request for a temporary restraining order, as permitted by 28 U.S.C. 2284(b)(3)).

4. In addition to the Section 203 cause of action, the Complaint alleges that the City of Boston has violated Section 2 of the Voting Rights Act, 42 U.S.C. 1973. Because Section 2 of the Voting Rights Act does not require a three-judge court, this claim should be adjudicated by a single judge. See Ritter v. Bennett, 23 F. Supp. 2d 1334, 1338 n.9 (M.D. Ala. 1998) (three-judge court) (observing that only Section 5 claims were before the three-judge court and that "[b]ecause the [plaintiff's] § 1983 claims do not present three-judge-court issues, they are being adjudicated by a single judge"); White v. State of Alabama, 851 F. Supp. 427, 428-30 (M.D. Ala. 1994) (three-judge court) (referring decision on settlement agreement addressing claims under Section 2 of the Voting Rights Act to single judge, as those claims were not subject to three-judge court's jurisdiction, and "the proposed settlement is essentially a Section 2 . . . remedy").

WHEREFORE, this Court should request the Chief Judge of the First Circuit Court of Appeals to designate a three-judge panel pursuant to 28 U.S.C. 2284.

Dated July 29, 2005

                    Respectfully Submitted,

                    _____
                    JOHN K. TANNER
                    SUSANA LORENZO-GIGUERE
                    Civil Rights Division - NWB
                    U.S. Department of Justice
                    950 Pennsylvania Ave., NW
                    Washington, D.C. 20530
                    (202) 514-9822

## CERTIFICATION UNDER L.R. 7.1

I certify that in accordance with Local Rule 7.1, I have attempted to confer with Defendants' counsel and have attempted in good faith to resolve the issues addressed in this Application.

On July 13, 2005, counsel for the Department telephoned Counsel for the City, Mark Sweeney, First Assistant Corporation Counsel for the City of Boston, to resolve this and other matters, to inform him that a lawsuit would be filed on July 29, 2005 and invited him to discuss the allegations and possible pre-filing resolution of all the issues. The telephone call was followed by a July 13, 2005 letter with the same information and a draft proposed consent agreement was faxed to counsel on July 13, 2005 along with the letter at counsel's request.

On July 14, 2005, counsel for the Department of Justice sent two email messages to counsel for the City informing him of our availability to meet in Boston on July 15, 2005 to discuss the lawsuit and attempt to resolve it.

On July 15, 2005 the Department of Justice faxed a copy of the Complaint to counsel for the City at his request and on July 22, 2005 the Department of Justice again attempted to contact counsel for the City to discuss the possible resolution of the case and left a message with counsel's secretary.

On July 25, 2005, by telephone and letter, the Department of Justice attempted to discuss with counsel for the City the possible negotiated resolution of this lawsuit, including to resolve the issues addressed in this Application and to confirm whether counsel for the City would accept service on behalf of his client.

On July 28, 2005, the Department of Justice again asked counsel for the City whether the City would agree to this Application. Counsel declined to discuss the matter substantively.

To date, the City has refused all overtures by counsel for the Department to discuss whether or not the City would oppose this Application.

_____
SUSANA LORENZO-GIGUERE
Special Counsel

## CERTIFICATE OF SERVICE

I certify that on July 29, 2005, I caused a copy of the foregoing Application to be served on Defendants' attorney, Mark Sweeney, First Assistant Corporation Counsel, City of Boston One City Hall Square Boston, MA 02201

_____
SUSANA LORENZO-GIGUERE
Special Counsel