UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
05-11598-WGY

UNITED STATES OF AMERICA,
Plaintiff,

v.

CITY OF BOSTON, MASSACHUSETTS, ET AL.
Defendants.

PROCEDURAL AND SCHEDULING ORDER

The Court is concerned with certain issues raised by the parties' "Joint Motion f an Interlocutory Order Authorizing the Appointment of Federal Examiners and For Conditional Dismissal Pursuant to Rule 41(a)(2)" and the form of the proposed Order Dismissal filed with the Court.

Accordingly, the parties, the United States and City of Boston are ordered to consult and submit a revised order pertaining to approval of the agreement on or befor seven days from the date of this order, in response to the following concerns:

1. Any order of the Court should embody within it the terms of the agreement reached by the parties which the parties wish to be enforceable.

2. We reject the concept of "conditional dismissal" as inconsistent with the requested retention of court jurisdiction. Any order should provide that the Court will retain jurisdiction for a period consistent with the terms of the agreement [December 3 2008] and upon such specified conditions as the parties have agreed. The parties may request that the Court assign the case to its inactive docket during the period of retaine jurisdiction, and dismiss the case upon expiration of the agreement. Without expressin any view on the merits of the conditions of enforcement, we call the parties' attention t language more often used in orders like this: "The Court shall retain jurisdiction of this case until December 31, 2008 to enter further relief or such orders for the effectuation the terms of this agreement and to ensure compliance with Section 203 of the Voting Rights Act, subject to the following conditions, _____."

3. The Court believes that there are ambiguities and possible conflicts between paragraphs (2) and (3) of the draft order submitted by the parties. Among other things paragraph (2) refers to "substantial compliance" while paragraph (3) refers simply to "enforcement." Further, paragraphs (2) and (3) appear to apply differential standards depending on which party seeks to move for enforcement. The parties are directed to resolve these issues clearly in the revised draft order.

4. Paragraph 25 of the proposed agreement provides it may be adjusted at any time upon the agreement of the parties. Since the parties are seeking judicial approval and enforcement of the agreement, this paragraph should be modified as well to provide that any adjustment to the agreement must be in writing with advance notice to the court and submission to the court for approval.

A hearing will be held at 2:30 p.m. on October 17, 2005 in the panel courtroom of the Court of Appeals before the three-judge court on the motion of certain groups to intervene and the opposition thereto of the United States and the motion of the United States and the City of Boston as to their settlement of the case.

So ordered.

For the Three Judge Court

*William G. Young*
William G. Young
District Judge