IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff, )<br>)<br>CHINESE PROGRESSIVE ASSOCIATION, )<br>CHINATOWN RESIDENT ASSOCIATION, )<br>CITY LIFE / VIDA URBANA, SIU TSANG, )<br>FUNG YUNG, YAN HUI, MARIA ALTRECHE, )<br>)<br>  Proposed Plaintiff-Intervenors )<br>)<br>  v. )<br>)<br>CITY OF BOSTON, MASSACHUSETTS; THOMAS M. )<br>MENINO, in his official capacity as )<br>Mayor of the City of Boston; )<br>BOSTON CITY COUNCIL: MICHAEL F. )<br>FLAHERTY, PAUL J. SCAPICCHIO, JAMES M. )<br>KELLY, MAUREEN E. FEENEY, CHARLES C. )<br>YANCEY, ROB CONSALVO, JOHN TOBIN, CHUCK )<br>TURNER, MICHAEL P. ROSS, JERRY P. )<br>MCDERMOTT, FELIX D. ARROYO, MAURA )<br>HENNIGAN, STEPHEN J. MURPHY; BOSTON )<br>ELECTION DEPARTMENT; GERALDINE CUDDYER, )<br>in her official capacity as Chair of )<br>the Boston Election Department, )<br>)<br>  Defendants. )<br>_____ ) | CIVIL ACTION No.<br>05-11598WGY<br><br><br><br>THREE-JUDGE COURT<br>WGY, SL, PS |

**PROPOSED PLAINTIFF-INTERVENORS' REPLY BRIEF TO
PLAINTIFF UNITED STATES' OPPOSITION TO
<u>PROPOSED PLAINTIFF-INTERVENORS' MOTION TO INTERVENE</u>**

On September 9, 2005, Proposed Plaintiff-Intervenors filed a Motion to Intervene and supporting memorandum (collectively, the "<u>Motion to Intervene</u>") in this action and a proposed Complaint in Intervention in accordance with Rule 24(b) of the Federal Rules of Civil Procedure. The Motion to Intervene was supported by seven declarations from individual limited English

proficient voters and community organizations that are active on behalf of limited English proficient voters. As set forth in the Motion to Intervene and the supporting declarations, Proposed Plaintiff-Intervenors sought permissive intervention to obtain broader relief (including bilingual ballots) than that sought by the United States in its original complaint (the "Original Complaint") and to have the ability to enforce any resulting order or settlement.

Six days after the filing of the Motion to Intervene, the United States and Defendant City of Boston filed a proposed Memorandum of Agreement and Settlement (the "Settlement"). The Settlement is broader than the relief originally sought by the United States in the Original Complaint, and substantially incorporates the relief sought in the Complaint in Intervention.

No Defendant has opposed the Motion to Intervene. Only the United States has objected. The United States basically contends that, because, after the Complaint in Intervention was filed, it concluded a Settlement that accomplishes Proposed Plaintiff-Intervenors' requested relief, the Motion to Intervene should be denied. This objection, however, misses the mark. It evaluates the request to intervene with hindsight, and it ignores the unique position of the Proposed Plaintiff-Intervenors to monitor the effective implementation of relief that they, not the United States, sought in their complaint.

The desire by the Proposed Plaintiff-Intevenors to intervene, to become parties to this action and the Settlement, and to have standing to enforce the Settlement, should not be read or construed as criticism of the terms of the Settlement. In fact, quite the contrary is true. The United States and the City of Boston should be lauded for the agreement embodied in the Settlement. This sentiment, however, does not alter the standard for permissive intervention, which unquestionably has been satisfied here. That standard requires that the Court compare the relief sought by the Proposed Plaintiff-Intervenors with the relief sought by the United States in

the Original Complaint and determine whether (a) the relief sought is different, (b) the Proposed-Plaintiff-Intervenors have contributed to the factual record in this case, (c) participation by the Proposed Plaintiff-Intervenors will promote a just resolution, and (d) the Proposed Plaintiff-Intervenors have an unique position in enforcing a favorable judgment or settlement. When viewed under these standards, the parallel between the Settlement and the relief sought in the Complaint in Intervention underscores the appropriateness of permissive intervention here. It highlights the importance of the additional claims and facts that the Proposed Plaintiff-Intervenors bring to this action and of the special position that the Proposed Plaintiff-Intervenors have to enforce the Settlement. In the end, it is their voting rights that are at issue in this action.

Further, the equities strongly favor allowing the intervention. As noted, the Settlement ultimately affects the voting rights of the individual Proposed Plaintiff-Intervenors and the constituencies represented by the organizational Proposed Plaintiff-Intervenors, who are active, concerned limited English proficient voters and voter advocacy groups. Moreover, because the Proposed Plaintiff-Intervenors support the Settlement and are prepared to limit their roles to becoming parties to the action and to the Settlement with standing to enforce the Settlement, there is no basis to contend that permitting intervention will delay resolution of this case.

A. The Proposed Plaintiff-Intervenors' Contribution Is Different From That of The United States

The United States contends that the Motion to Intervene should be denied because the Settlement it has negotiated provides "nearly identical" relief to the relief sought in the Complaint in Intervention. In effect, the United States suggests that, at this point, the Proposed Plaintiff-Intervenors are merely surplus to this litigation. To prove its point, the United States includes a chart in its objection cross-referencing the relief sought in the Complaint in Intervention with the operative provisions of the Settlement. Conspicuously absent from the

United States' chart, however, are cross-references to its Original Complaint. And it is the absence of these cross-references that should compel this Court to exercise its discretion and grant the Proposed Plaintiff-Intevenors leave to intervene.

In fact, the cases cited by the United States in its objection confirm this conclusion. In Maine v. Norton, 203 F.R.D. 22 (D. Maine 2001) and Resolution Trust Corp. v. City of Boston, 150 F.R.D. 449 (D. Mass. 1993), the respective District Courts denied motions to intervene not because a settlement negotiated by the original parties addressed the issues raised by the proposed intervenors, but rather because the claims asserted by the proposed intervenors were the same as and nearly identical to the claims asserted by the original plaintiffs. In this case, while it is true that the United States and the Proposed Plaintiff-Intervenors all allege violations of the Voting Rights Act of 1965, the relief they originally sought in their respective complaints is markedly different. For example, the United States' requested relief did not include a requirement that election materials be provided in Chinese. In addition, while the United States simply requested that the Defendants be enjoined from further violations, the Proposed Plaintiff-Intervenors' requested relief set forth in detail provisions that Proposed Plaintiff-Intervenors believe, on the basis of their own familiarity with the voting process and the affected communities, would be effective to enforce the mandate of the Voting Rights Act of 1965. Thus, rather than supporting the denial of the Motion to Intervene, these cases support its allowance because the claims are different.

The Proposed Plaintiff-Intervenors have brought something additional to this case. They have alleged different factual matters, such as ineffective notice regarding poll sites, redirection of limited English proficient voters to multiple poll sites, and improper identification

requirements imposed on limited English proficient voters, that are not raised by the United States.

Moreover, not only have they alleged these additional facts, the Proposed Plaintiff-Intervenors have already contributed significantly to developing the factual record which formed the basis for the Original Complaint and the Complaint in Intervention, which the Settlement clearly tracks. The four individuals who seek to intervene, Siu Tsang, Fung Yung, Yan Hui, and Maria Altreche, have each submitted a sworn statement to the Department of Justice, which constituted a significant piece of factual evidence required to support this case and will support the propriety of the proposed Settlement. *Magpantay Declaration,* ¶ 7. Similarly, the community-based organizations seeking to intervene, the Chinese Progressive Association, Chinatown Resident Association, and City Life / Vida Urbana, have contributed significantly to building the factual evidence for this case. Each proposed organizational intervenor has participated in voter registration, voter education, and get-out-the vote efforts for at least five years. *Declarations of Lowe, Yee, and Leyton.* These organizations identified many Chinese-American and Latino voters whose voting rights had been violated, and helped these voters to submit sworn statements to the Department of Justice, detailing inappropriate conduct by the Boston City Elections Department. *Magpantay Declaration,* ¶ 7.

Under these circumstances, the Motion to Intervene cannot be denied based upon a finding that the original plaintiffs and proposed intervenors are merely different sides of the same coin. The differences in the relief sought in the Original Complaint and the Complaint in Intervention are clear. The adoption of the relief sought in the Complaint in Intervention into the Settlement does not change this comparison for the purpose of permissive intervention under Rule 24(b). See In re Acushnet River & New Bedford Harbor, 712 F. Supp. 1019, 1023 (D.

Mass. 1989) (one factor considered is whether intervenor will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented).

B.    The Equities Clearly Favor Intervention

The equities also clearly support intervention in this case. First, as noted above, it is the voting rights of individuals represented by the individual and organizational Proposed Plaintiff-Intervenors that are at stake in this litigation. The addition of the Proposed Plaintiff-Intervenors as parties to this action, particularly to confer upon them standing to enforce the Settlement, thus is not merely an act of "belts and suspenders." Each individual Proposed Plaintiff-Intervenor is limited English proficient, plans to vote in future elections, and desires to have the Voting Rights Act of 1965 fully and faithfully enforced. *Declarations of Siu Tsang, Fung Yung, Yan Hui, and Maria Altreche.* These individuals have a direct interest in the just resolution in this case, and are intended beneficiaries of the Settlement. As such, they should be allowed to intervene for the purpose of enforcing the Settlement. See Berger v. Heckler, 771 F.2d 1556, 1566 (2d Cir. 1985); Tutein v. Daley, 43 F. Supp. 2d 113, 131 (D. Mass. 1999), vacated by No. 98-11034, 1999 WL 735194 (D. Mass. 1999) (court required to permit broader involvement by applicants in legal actions where their significant interests are being adjudicated, applying Daggett v. Comm'n on Governmental Ethics and Election Practices, 172 F.3d 104 (1st Cir. 1999)). Furthermore, the Proposed Plaintiff-Intervenor organizations will continue to work with Chinese-American and Latino voters to ensure that they have an equal opportunity to participate in the political process and to elect candidates of their choice on an equal basis with other citizens. As community-based organizations with a history of working with limited-English-proficient voters, they are uniquely qualified and placed to determine whether the Defendant City of Boston is in

substantial compliance with the Settlement, and should have party-status in order to enforce the Settlement should the Defendants fail to substantially comply with its terms. See In re Acushnet River, 712 F. Supp. at 1024.

Second, permitting intervention will not unduly delay the resolution of this matter or prejudice any of the original parties. The Proposed Plaintiff-Intervenors support the approval of the Settlement and are prepared to limit their intervention to (a) becoming parties to this action and the Settlement and (b) having conferred upon them standing to enforce the Settlement. It is inconceivable, therefore, that allowing the Motion to Intervene would delay the prompt resolution of this case and implementation of the Settlement.

Culbreath v. Dukakis, 630 F.2d 15 (1st Cir. 1980), cited by the United States in its opposition brief, thus is inapposite to the circumstances here. In Culbreath, the Court of Appeals held that intervention was inappropriate where (a) a first motion to intervene was filed four years after the initiation of the discrimination lawsuit, two years after the defendant state agencies began settlement negotiations with plaintiffs, and one month before the parties submitted a proposed Settlement, id. at 19, (b) a second motion to intervene was filed by three other state unions two months after the proposed Settlement was submitted, id. at 20, and (c) the proposed intervenors opposed "the central principle of the consent decree." Id. at 22. The First Circuit held that the union/intervenors reasonably should have known of their interest in the lawsuit when it was filed, id. at 21, and that allowing the intervention would delay implementation of the settlement and the remedies provided therein. Id. at 22. The Culbreath Court reasoned that the timeliness requirement under Rule 24(b) is intended to prevent "last minute disruption of painstaking work by the parties and the court" and any resulting prejudice to the existing parties. Id.

In contrast to the facts in Culbreath, the Motion to Intervene was filed in this case a mere 42 days after the filing of the Original Complaint, before the Defendants' responses to the Original Complaint were even due. The Proposed Plaintiff-Intervenors affirmatively support approval of the Settlement. They do not seek to unravel the Settlement or re-open negotiations, because the Settlement implements the relief they articulated in the Complaint in Intervention, relief that reflected goals beyond that originally sought by the United States for the benefit of language-minority voters. And their request for intervention, in light of the Settlement, is now narrowly tailored: parties whose voting rights are at stake seek the right to enforce a settlement that is intended to protect those rights in the very ways that they hoped those rights would be protected.

There is thus no basis for the United States to contend that the original parties will be prejudiced or this action will be delayed if the Motion to Intervene is allowed for the more limited purposes that are now sought by the Proposed Plaintiff-Intervenors. The only change that will occur if the Motion to Intervene is allowed is that the Proposed Plaintiff-Intervenors will have standing to enforce the Settlement, which clearly is intended for their benefit in any event, against Defendants who have not themselves opposed intervention.[1]  See Berger v. Heckler, 771 F.2d 1556, 1566 (2d Cir. 1985).

## Conclusion

The heart of the United States' opposition to the Motion to Intervene is that the Settlement achieves for the Proposed Plaintiff-Intervenors the exact relief they had intended to

---

[1] In its opposition, the United States also contends that the Motion to Intervene should be denied because the United States can and has adequately represented the interests of all of its language-minority citizens by bringing the action and negotiating the Settlement. Adequate representation, however, is not the issue here as permissive intervention is sought under Rule 24(b), not mandatory intervention under Rule 24(a). Still, for the reasons set forth above, it is beyond dispute that the Proposed Plaintiff-Intervenors added something to this lawsuit that the United States could not have contributed without them: facts, personal experiences, access to specific communities, and an articulation of remedies for certain of those communities that extended beyond that articulated in the Original Complaint.

pursue themselves against the Defendants. For the reasons set forth above and in the Motion to Intervene, however, this overlap does not alter the application of the standards for permissive intervention under Rule 24(b), all of which are satisfied here: a timely request by parties asserting different claims from the original plaintiff that nonetheless share common factual and legal questions, who independently have standing to sue the defendants for the alleged wrongs, whose rights and claims, as a practical matter will be affected by resolution of the original complaint, and whose rights and claims can effectively be addressed in the pending litigation without undue delay or undue prejudice to the original parties. Indeed, the fact that the Settlement implements the relief articulated by the Proposed Plaintiff-Intervenors, not by the United States, and that the Proposed Plaintiff-Intervenors now seek, in light of the Settlement, only the right to enforce it as parties, highlights that the requirements for intervention have been satisfied. Accordingly, the Motion to Intervene should be allowed, and the United States' objection overruled.

[Signatures on following page]

CHINESE PROGRESSIVE ASSOCIATION,
CHINATOWN RESIDENT ASSOCIATION,
CITY LIFE / VIDA URBANA, SIU TSANG,
FUNG YUNG, YAN HUI, and
MARIA ALTRECHE,

By their Attorneys,

_____
CYNTHIA MARK (BBO #567487)
Greater Boston Legal Services
197 Friend Street
Boston, Massachusetts 02114
(617) 603-1720
(617) 371-1222 (facsimile)

_____
GLENN D. MAGPANTAY (admitted pro hac vice)
Asian American Legal Defense and Education Fund
99 Hudson Street, 12th floor
New York, New York 10013-2815
(212) 966-5932

_____
ANDREW M. TROOP (BBO#547179)
CHRISTOPHER R. MIRICK (BBO#639683)
ARTHUR R. CORMIER (BBO#645116)
Weil, Gotshal & Manges LLP
100 Federal Street, 34th Floor
Boston, MA 02110
(617) 772-8300
(617) 772-8333 (facsimile)

Dated: September 27, 2005