IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>CHINESE PROGRESSIVE ASSOCIATION,<br>CHINATOWN RESIDENT ASSOCIATION,<br>CITY LIFE / VIDA URBANA, SIU TSANG,<br>FUNG YUNG, YAN HUI, MARIA ALTRECHE,<br><br>    Proposed Plaintiff-Intervenors<br><br>    v.<br><br>CITY OF BOSTON, MASSACHUSETTS; THOMAS M.<br>MENINO, in his official capacity as<br>Mayor of the City of Boston;<br>BOSTON CITY COUNCIL: MICHAEL F.<br>FLAHERTY, PAUL J. SCAPICCHIO, JAMES M.<br>KELLY, MAUREEN E. FEENEY, CHARLES C.<br>YANCEY, ROB CONSALVO, JOHN TOBIN, CHUCK<br>TURNER, MICHAEL P. ROSS, JERRY P.<br>MCDERMOTT, FELIX D. ARROYO, MAURA<br>HENNIGAN, STEPHEN J. MURPHY; BOSTON<br>ELECTION DEPARTMENT; GERALDINE CUDDYER,<br>in her official capacity as Chair of<br>the Boston Election Department,<br><br>    Defendants. | CIVIL ACTION No.<br>05-11598WGY<br><br><br><br>THREE-JUDGE COURT<br>WGY, PS, SL |

**DECLARATION OF GLENN D. MAGPANTAY IN SUPPORT OF PROPOSED
PLAINTIFF-INTERVENORS' REPLY TO UNITED STATES' OPPOSITION TO
PROPOSED PLAINTIFF-INTERVENORS' MOTION TO INTERVENE**

I, GLENN D. MAGPANTAY, being an attorney duly admitted to practice law in the

State of New York and counsel for Proposed Plaintiff-Intervenors Chinese Progressive

Association, Chinatown Resident Association, City Life / Vida Urbana, Siu Tsang, Fung Yung,

Yan Hui, and Maria Altreche, hereby declare under penalty of perjury that the following is true and correct:

### Overview

1. I submit this affirmation in support of Proposed Plaintiff-Intervenors' Reply to the United States' opposition to Proposed Plaintiff-Intervenors' Motion to Intervene, in order to clarify the position of Proposed Plaintiff-Intervenors regarding recent developments in this case, and to provide relevant background information regarding the efforts of Proposed Plaintiff-Intervenors to participate in the negotiations surrounding the settlement of this case.

2. Proposed Plaintiff-Intervenors generally approve of and support the Memorandum of Agreement and Settlement negotiated between the United States and the City of Boston and filed on September 15, 2005 (the "Settlement"). Similarly, Proposed Plaintiff-Intervenors generally approve of and support the joint motion by the United States and the City of Boston for a dismissal of the United States' complaint in this case, conditioned on substantial compliance with the Memorandum of Agreement. The Settlement and the joint motion for dismissal should not be approved, however, before the Motion to Intervene is decided by this Court.

3. In light of the Settlement, Proposed Plaintiff-Intervenors seek to pursue their Motion to Intervene simply to be made parties to the Settlement for enforcement purposes.

4. Proposed Plaintiff-Intervenors do not seek, in any way, to unravel or alter the work of the United States and the City of Boston in arriving at the Settlement. Indeed, Proposed Plaintiff-Intervenors have worked to assist the United States to reach the Settlement, but have been excluded from the process of negotiations and have been denied information on the status of negotiations.

### Assistance Provided by Proposed Plaintiff-Intervenors

5. Beginning on July 29, 2005, immediately after the United States filed its lawsuit against the City of Boston, I worked with local organizations in Boston to encourage them to assist attorneys for the United States to support the lawsuit.

6. Throughout the month of August, I and several of the Proposed Plaintiff-Intervenors regularly corresponded with attorneys for the United States regarding developments in the lawsuit.

7. The organizational Proposed Plaintiff-Intervenors have provided attorneys for the United States with a substantial amount of facts regarding voting rights violations in Boston, have identified limited English proficient voters and assisted the United States in obtaining sworn statements regarding voting rights violations to support lawsuit, and have provided translation services to enable the United States to communicate with these voters and organizations. In particular:

   a. On August 10, 2005, Proposed Plaintiff-Intervenor voter Siu Tsang, who is a member of the Steering Committee of Proposed Plaintiff-Intervenor Chinatown Resident Association and a member of Proposed Plaintiff-Intervenor Chinese Progressive Association, executed a declaration for attorneys for the United States about violations of the Voting Rights Act. He made his declaration in Chinese, and Karen Chen, a staff member of Proposed Plaintiff-Intervenor Chinese Progressive Association, translated his declaration.

   b. On August 11, 2005, Proposed Plaintiff-Intervenor voter Fung Yung executed a declaration for attorneys for the United States about violations of the Voting Rights Act. She made her declaration in Chinese, and Karen Chen, a staff member of

Proposed Plaintiff-Intervenor Chinese Progressive Association translated her declaration.

c.  On August 22, 2005, Proposed Plaintiff-Intervenor Lydia Lowe for the Chinese Progressive Association executed a declaration for attorneys for the United States about violations of the Voting Rights Act.

d.  On August 25 or 26, and August 30, 2005, Proposed Plaintiff-Intervenor voter Yan Hui, met with an attorney for the United States in order to provide a declaration about violations of the Voting Rights Act. The declaration was not completed because of scheduling conflicts, but Yan Hui remained able and willing to provide a declaration. Karen Chen, a staff member of Proposed Plaintiff-Intervenor Chinese Progressive Association, interpreted for Yan Hui and the attorney for the United States at these two meetings.

e.  On August 26, 2005, Proposed Plaintiff-Intervenor voter Maria Altreche, who is a Board Member of Proposed Plaintiff-Intervenor City Life / Vida Urbana, executed a declaration for attorneys for the United States about violations of the Voting Rights Act. She made her declaration in Spanish. Gloria Rosario, a staff member of Proposed Plaintiff-Intervenor City Live / Vida Urbana, interpreted for Maria Altreche and the attorney for the United States at this meeting.

f.  On approximately eight other occasions, staff members of the Proposed Plaintiff-Intervenor Chinese Progressive Association identified voters and offered translation services to attorneys for the United States in connection with obtaining voter declarations about violations of the Voting Rights Act.

    g. After the original complaint was filed on July 29, 2005, Proposed Plaintiff-Intervenor City Life / Vida Urbana identified to attorneys for the United States two to three Latino voters who are limited English proficient. At least two of these voters, including Maria Altreche, met with attorneys for the United States in order to execute declarations about violations of the Voting Rights Act. Gloria Rosario, a staff member of Proposed Plaintiff-Intervenor City Live / Vida Urbana, interpreted for these voters.

### Exclusion of Proposed Plaintiff-Intervenors from Negotiations

8. On August 31st and September 1st, Proposed Plaintiff-Intervenor Lydia Lowe of the Chinese Progressive Association contacted James Walsh, counsel for the United States, about the status of settlement negotiations with the City of Boston. Attorney Walsh did not confirm or reveal any details about any such meetings.

9. On September 7, 2005, I asked Attorney Walsh to inform me about any settlement negotiations that the United States had entered into with the City of Boston. Attorney Walsh stated that he was unable to confirm or reveal any details about any such meetings.

10. Attorneys for the United States have provided increasingly less information about the status of the lawsuit, both to me and to the Proposed Plaintiff-Intervenors individually, as the lawsuit has progressed. In light of this development, and being concerned that a settlement agreement would be negotiated without the participation of actual voters and community organizations, Proposed Plaintiff-Intervenors began to explore joining the lawsuit as plaintiffs.

11. On September 9, 2005, I , along with co-counsels Cynthia Mark from Greater Boston Legal Services and Andrew Troop, Christopher Mirick, and Arthur Cormier from Weil, Gotshal and Manges, LLP filed a motion to intervene on behalf of organizations Chinese Progressive

Association, Chinatown Resident Association, City Life / Vida Urbana, and voters Siu Tsang, Fung Yung, Yan Hui, and Maria Altreche into <u>United States v. City of Boston</u>, Civ. No. 05-11598-WGY.

12. Later that day I sent courtesy copies, via Electronic Mail and Federal Express, to John Tanner, counsel for the Plaintiff United States, and W. Bradford Reynolds, counsel for Defendant City of Boston. I included with those copies a letter inquiring about any settlement negotiations and requesting to be included in those negotiations as counsel to the Proposed Plaintiff-Intervenors. I received no response.

13. On September 14, 2005, I followed up my September 9th communications with phone calls and email messages to counsel John Tanner and to W. Bradford Reynolds, and also to Merita Hopkins, Chief of Staff for Boston Mayor Menino. I received no reply.

14. On September 15, 2005, I received a phone call from John Tanner informing me that the United States and City of Boston had entered into a Memorandum of Agreement and Settlement. I also received a phone message from Merita Hopkins informing me of the same.

**Proposed Plaintiff-Intervenors' Position Regarding Settlement**

15. On September 16, 17, and 19, I and my co-counsel conferred with our clients regarding the Memorandum of Agreement and Settlement, and the pending motion to intervene as plaintiffs.

16. The Proposed Plaintiff-Intervenors fully support the Memorandum of Agreement and Settlement between the United States and the City of Boston. Further, the Proposed Plaintiff-Intervenors wish to continue with the Motion to Intervene for the sole purpose of becoming parties in the case and to the Settlement, and thereby have the ability to enforce the Settlement in court.

## "Boston Voter Outreach and Education Task Force"

17. Following the filing of the lawsuit by the United States, Defendant Mayor Menino appointed a "Boston Voter Outreach and Education Task Force" (the "Task Force"). The announced purpose of the Task Force was to coordinate and assist efforts of the City of Boston to address concerns of the City's language minority groups, including concerns relating to the distribution and dissemination of bilingual election materials.

18. Mayor Menino appointed to the Task Force every major community organization working on voting rights and voter participation in the City of Boston, except for the Proposed Plaintiff-Intervenors Chinese Progressive Association, Chinatown Resident Association and City Life / Vida Urbana. All three organizations have long worked on voting rights, and have been outspoken critics of the City of Boston for its failure to comply with the Voting Rights Act.

19. The Task Force held two meetings, on Aug. 31 and Sept. 7, without any representation from any of the Proposed Plaintiff-Intervenors.

20. Upon information and belief, after hearing that Proposed Plaintiff-Intervenors were seeking to intervene in the lawsuit, Defendant Menino appointed Proposed Plaintiff-Intervenor Chinese Progressive Association to the Task Force just prior to the next Task Force meeting on September 14, 2005.

21. On September 14, 2005, the Chinese Progressive Association attended the first Task Force meeting. The next day, the United States and City of Boston filed the Settlement with the Court. The next week, the United States filed its opposition to the Motion to Intervene, arguing that the involvement of the Proposed Plaintiff-Intervenors is unnecessary to the resolution of this case.

## Conclusion

22. By the reasons of the foregoing and for the reasons stated in the arguments set forth in the Proposed Plaintiff-Intervenors' Reply to the United States' Opposition to their motion to intervene, I respectfully request that the Court grant the Motion to Intervene, allowing the Proposed Plaintiff-Intervenors to intervene by permission, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

I declare under the penalty of perjury and pursuant to Title 28 of the United States Code, Section 1746, that the foregoing is true and correct to the best of my knowledge, recollection, and belief.

Dated: September 27, 2005

_____
Glenn D. Magpantay