UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br><br>            v.<br><br>CITY OF BOSTON, MASSACHUSETTS, et al.,<br>            Defendants. | Civil Action No. 05-11598 WGY |

Statement of the Secretary of the Commonwealth
In Response to the Court's June 12, 2007 Order

The Secretary of the Commonwealth responds to the questions set forth in the Court's Order dated June 12, 2007, as follows.

(a) Whether an agreement has been reached on the issues raised by the Motion of the United States.

We have not reached agreement on the issues raised by the motion of the United States. The Secretary has proposed and remains willing to prepare pamphlets or fliers, in Chinese, to be made available at the designated polling places, that include photographs of the candidates alongside their names in Roman letters, as the Secretary has been informed that King County, Washington has done, and/or sample Chinese/English ballots, to be posted in the designated polling places, that similarly include photographs of the candidates alongside their names in Roman letters. King County, where Seattle is located, is subject to § 203 of the Voting Rights Act with respect to the Chinese language, and provides ballots translated into Chinese but does not transliterate candidates' names. The Secretary has also proposed and remains willing to more actively inform Chinese-speaking voters that the AutoMark Voter Assist Terminals, which are touch-screen voting

machines with an audio track in designated languages (including Chinese in the designated polling places), are available for voters who have difficulty with Roman letters. The Secretary has been informed that Cook County, Illinois, which is subject to § 203 of the Voting Rights Act with respect to the Chinese language, does not translate paper ballots (or transliterate candidate names) into Chinese but relies upon touch-screen voting machines with an accompanying audio version in Chinese.

      (b) <u>Whether additional time is requested for negotiation and the amount of additional time needed.</u>

The Secretary, while not specifically requesting additional time, remains willing to discuss implementation of some or all of his proposed initiatives set forth above. If the United States is interested in such discussions, it should be possible to complete such discussions within two weeks.

      (c) <u>The dates of upcoming elections to which this issue is pertinent.</u>

          1. <u>State Elections</u>:

| | |
|---|---|
| 09/11/07 | Special State Primary for the Middlesex, Suffolk and Essex District (scheduled date for delivery of final ballot text to printer: 08/13/07) |
| 10/09/07 | Special State Election for the Middlesex, Suffolk and Essex District (scheduled date for delivery of final ballot text to printer: 09/12/07) |

Assuming that no different agreement is reached with the United States and that no contrary Court Order has been entered, the Secretary would be willing, in order to permit orderly preparation, presentation and resolution of the merits of this case, to implement some or all of the proposed initiatives set forth in (a), above, in these elections for the eight precincts within the Middlesex, Suffolk and Essex District that are designated in the Settlement Agreement for the provision of bilingual ballots translated into Chinese.

2. <u>City Elections</u>:

09/25/07   City of Boston Preliminary Election for City Council
(this election is presently scheduled but may be cancelled in the event of legislative action or a successful challenge to candidate qualifications)

11/06/07   City of Boston Election (for City Council)

The City prepares the ballots for these elections, *see* Mass. G.L. c. 54, § 40 and St. 2006, chapter 111, § 2, and apparently intends to transliterate candidate names into Chinese characters on the Chinese version of the ballots. In order to permit orderly preparation, presentation and resolution of the merits of this case, the Secretary (without waiving his position on the merits) will not seek to preliminarily enjoin (or otherwise interfere with) the City's use of transliterated candidate names at these elections.

3. <u>Federal Elections</u>:

03/04/08   Presidential Primary

(d) <u>An exact description of what is meant by "the translation or transliteration of candidate names in Chinese, i.e., display of candidate names in Chinese characters."</u>

The language quoted above originates in the United States' "Unopposed Motion to Clarify." The Secretary's position is that the terms "translate" and "transliterate" are not interchangeable.

The Secretary understands that "translation" occurs in the case of words with semantic content for which there is a corresponding word or words with the same semantic content in the other writing system. Translation preserves the meaning of the word being translated. Despite the phrasing of the Motion to Clarify, the Secretary does

3

not understand that the United States is seeking the translation (in this sense) of candidate names that may also have meaning (such as "Green," "Wise," or "Lawless").

The Secretary understands "transliteration," by contrast, to involve mapping the sounds within the words of the source language to letters or characters pronounced similarly in the goal script. The transliteration process is based purely on phonetic equivalency. Transliteration in the current context means the selection of Chinese characters to represent the phonetic equivalent of the syllables of an English name, or a name in any other language that is not traditionally written using Chinese characters. Transliteration of names is not directed to preserving their meaning (if any) in the source language. The transliteration process is inherently imprecise, particularly in the case of a language such as Chinese, because Chinese has different dialects and the same Chinese character may sound differently (and may have different meanings) in different dialects.

        Respectfully submitted,

        SECRETARY OF THE
        COMMONWEALTH OF
        MASSACHUSETTS
        By his attorney,

        MARTHA COAKLEY
        ATTORNEY GENERAL

        /s/ Peter Sacks
        Peter Sacks, BBO No. 548548
        Assistant Attorney General
        One Ashburton Place
        Boston, Massachusetts 02108-1698
        (617) 727-2200, ext. 2064
        Peter.Sacks@state.ma.us

Date:   July 10, 2007

<u>Certificate of Service</u>

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent this day to those who are indicated on the NEF as non-registered participants and who are not represented by counsel.

  /s/ Peter Sacks