UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br><br>            v.<br><br>CITY OF BOSTON, MASSACHUSETTS, et al.,<br>            Defendants. | Civil Action No. 05-11598 WGY |

Supplemental Statement of the Secretary of the Commonwealth
in Response to the Court's June 12, 2007 Order
and the United States' Statement in Response Thereto

In light of the United States' Statement in response to the Court's June 12, 2007 Order, the Secretary supplements his own Statement as follows.

(c) <u>The dates of upcoming elections to which this issue is pertinent.</u>

The United States asserts that the upcoming elections to which the transliteration issue is pertinent include "(iii) [a] Special primary state representative election expected to occur in September 2007 (one precinct in Boston will require a Chinese ballot for this election); and (iv) [a] Special final state representative election expected to occur in October 2007 (one precinct in Boston will require a Chinese ballot for this election)." United States' Response at p. 3. The United States is presumably referring to a vacancy in the First Suffolk Representative District seat created by the recent (June 26, 2007) election of the incumbent, Rep. Anthony W. Petrucelli, to fill the vacancy in the First Suffolk and Middlesex Senate District seat. No special election (either primary or final) has been scheduled to fill the First Suffolk Representative District seat. Such a special election could be called only by the Speaker of the House of Representatives after

adoption by the House of an order setting the date of the election. See Mass. G.L. c. 54, § 141. To date, no such order has been adopted.

If and when such an election is called, then the Secretary will promptly inform the Court. Further, if and when such an election is called, then, consistent with the Secretary's Statement filed on July 10, 2007, assuming that no different agreement is reached with the United States and that no contrary Court Order has been entered, the Secretary would be willing, in order to permit orderly preparation, presentation and resolution of the merits of this case, to implement some or all of the proposed initiatives set forth in Part (a) of his July 10, 2007 Statement, for the only precinct within the First Suffolk Representative District that is designated pursuant to the Settlement Agreement for the provision of bilingual ballots in English and Chinese.

(d) An exact description of what is meant by "the translation or transliteration of candidate names in Chinese, i.e., display of candidate names in Chinese characters."

The United States' Statement goes well beyond answering the Court's question and presents an extended argument on the merits in favor of transliteration. See United States' Statement at pp. 4-6 and Exhibits 1-4. While this is not the proper time to respond in detail to the United States' arguments, the Secretary makes the following brief points.

First, the United States makes much of a 1994 exchange of letters between the Department of Justice and a New York City election official regarding translation or transliteration of candidate names into Chinese characters on ballots in three boroughs of the City. The United States fails to mention that the three boroughs were subject to section 203 of the Voting Rights Act with respect to Chinese-speaking voters, see United

2

States' Statement Ex. 1 at p.1, which is not the case in Boston. The United States also fails to mention that, unlike Boston, two of the three boroughs were subject to the "pre-clearance" procedures of section 5 of the Voting Rights Act, see id., under which the burden is on a covered jurisdiction seeking to change its election procedures to prove to the satisfaction of the Attorney General (or the United States District Court for the District of Columbia) that the proposed changes meet the requirements of section 5. Id. Ex. 1 p. 3. That the Department of Justice concluded in that particular instance that the New York City boroughs in that case had not met their burden of proof under section 5 does not establish that the Department has a policy of always requiring transliteration of candidate names into Chinese characters, particularly where, as here, neither section 203 nor section 5 is involved.

Second, the United States asserts that "transliteration is particularly important in this case where the complaint included claims of improper influence and coercion of Chinese-speaking voters, as well as claims that the choices of Chinese-speaking voters were ignored." United States' Statement at 5 (citing Complaint ¶ 20(c)). These were only allegations; they were very general, actually referring to "Asian American voters," not specifically to Chinese-speaking voters (as opposed to Vietnamese-speaking voters who were also discussed in the Complaint) and including no specifics of any alleged instances of improper influence, coercion, or ignoring choices of Chinese-speaking (or any other) voters; the United States never filed anything in this case in support of its general allegations; and the City of Boston disputed those allegations and the United States was content to let the City do so. See Memorandum of Agreement and Settlement at p. 2.

        Respectfully submitted,

        SECRETARY OF THE
        COMMONWEALTH OF
        MASSACHUSETTS
        By his attorney,

        MARTHA COAKLEY
        ATTORNEY GENERAL


        /s/ Peter Sacks
        Peter Sacks, BBO No. 548548
        Assistant Attorney General
        One Ashburton Place
        Boston, Massachusetts 02108-1698
        (617) 727-2200, ext. 2064
        Peter.Sacks@state.ma.us

Date:   July 11, 2007


Certificate of Service

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent this day to those who are indicated on the NEF as non-registered participants and who are not represented by counsel.

        /s/ Peter Sacks