UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF BOSTON, MASSACHUSETTS, ) <br> et al., ) <br> ) <br> Defendants ) <br> ) | Civil Action No. 05-11598 WGY |

**SECRETARY OF THE COMMONWEALTH'S
MOTION TO CERTIFY QUESTIONS OF LAW
TO THE SUPREME JUDICIAL COURT OF THE
<u>COMMONWEALTH OF MASSACHUSETTS</u>**

The Secretary of the Commonwealth moves for certification of the following questions of law to the Supreme Judicial Court of the Commonwealth of Massachusetts:

1.  Does Mass. St. 2006, c. 111, § 1, which provides that the Secretary shall prepare bilingual ballots in English and Chinese for designated polling places within the city of Boston in state and federal elections, require, in addition to the translation into Chinese of words on the ballot that have semantic content, the transliteration of the candidates' names into Chinese characters?

2.  Does Mass. St. 2006, c. 111, § 2, which provides that the city of Boston shall prepare bilingual ballots in English and Chinese for designated polling places within the city in municipal elections, require, in addition to the translation into Chinese of words on the ballot that have semantic content, the transliteration of the candidates' names into Chinese characters?

In support, the Secretary says that Rule 1:03 of the Rules of the Supreme Judicial Court authorizes a United States district court to certify questions of Massachusetts law that may be determinative of a cause of action pending therein and as to which it appears to the court that there is no controlling precedent in the decisions of the Supreme Judicial Court. The proposed questions seek authoritative constructions of Mass. St. 2006, c. 111, §§ 1 and 2. The Supreme Judicial Court's determinations as to each of the proposed questions would be determinative of Counts I and II, respectively, of the Secretary's Counterclaim and Cross-Claim in this matter, and there is no controlling precedent in the decisions of the Supreme Judicial Court.

The Secretary submits that certification of these questions is appropriate without delay regardless of whether, when and how this Court rules on the United States' Motion to Clarify. The parties agree that the Massachusetts special law, Mass. St. 2006, c.111, requires the translation into Chinese of words with semantic content on bilingual ballots in the designated districts and elections through 2008. The key question in the pending controversy is whether the state law also requires the transliteration of candidate names into Chinese characters on those bilingual ballots.[1]

The Secretary notes that Rule 1:03(3)(2) requires that the certification order set forth a statement of all facts relevant to the questions certified and showing fully the nature of the controversy in which the questions arose. Should the Court request it, the Secretary will prepare a proposed statement for the Court's consideration, and/or will

---

[1] It is the Secretary's position that federal jurisdiction over the claims implicated by that key question, and thus over this motion to certify, rests not with the three-judge court that was convened pursuant to Count I of the Complaint (which does not encompass Chinese-American citizens or voters in Boston), but with the single district judge to whom this case initially was assigned. The Secretary will present his arguments in support of that position in his brief that the Court requested be filed by August 1, 2007.

work with the United States and the City of Boston in an effort to reach agreement upon such a proposed statement.

CERTIFICATION OF COMPLIANCE WITH L.R. 7.1(A)(2)

The undersigned counsel hereby certifies that he has conferred with counsel for the other parties and that we have attempted in good faith to resolve or narrow the issues presented by this motion. The City of Boston defendants, in principle, do not oppose certification.

        Respectfully submitted,

        SECRETARY OF THE
        COMMONWEALTH OF
        MASSACHUSETTS
        By his attorney,

        MARTHA COAKLEY
        ATTORNEY GENERAL

        /s/ H. Reed Witherby_____
        H. Reed Witherby, BBO #531600
        Special Assistant Attorney General
        Smith & Duggan LLP
        Two Center Plaza
        Boston, MA 02108
        (617) 228-4400
        rwitherby@smithduggan.com

        Peter Sacks, BBO No. 548548
        Assistant Attorney General
        One Ashburton Place
        Boston, Massachusetts 02108-1698
        (617) 727-2200, ext. 2064
        Peter.Sacks@state.ma.us

July 30, 2007

Certificate of Service

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent this day to those who are indicated on the NEF as non-registered participants and who are not represented by counsel.
        /s/ H. Reed Witherby