IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-11598 WGY |
| ) | <u>THREE-JUDGE COURT</u> |
| CITY OF BOSTON, ) | |
| MASSACHUSETTS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## <u>UNITED STATES' REPLY TO INTERVENOR'S COUNTERCLAIMS</u>

Plaintiff, United States of America, hereby replies to the Counterclaims filed by the Secretary of the Commonwealth ("Secretary") in his Proposed Answer and Counterclaim as follows:[1]

1. Paragraph 1 of the Counterclaim and Cross-claim contains introductory descriptive material to which no response is required. The United States denies Paragraph 1 to the extent that it asserts that transliteration is an inexact and imprecise method, may give rise to unintended meanings, presents significant potential for misleading and confusing voters, or unfairly influences election results. The United States also denies any assertion that transliteration is not required by federal law.

**<u>Parties</u>**

2. Plaintiff admits.

3. Plaintiff admits.

---

[1] It is unclear which claims the Secretary brings as counterclaims and which claims the Secretary brings as cross-claims. Thus, the United States hereby replies to all factual allegations and claims set forth by the Secretary.

    4.    Plaintiff admits.

**Jurisdiction and Venue**

    5.    Paragraph 5 contains legal conclusions not requiring a response.

    6.    Paragraph 6 contains legal conclusions not requiring a response.

    7.    Paragraph 7 contains legal conclusions not requiring a response.

**The Settlement Agreement**

    8.    Plaintiff admits Paragraph 8 to the extent that the United States and the City of Boston entered a Memorandum of Agreement ("MOA") to resolve their disputes and to ensure that the City implement a bilingual election program so that language-minority voters were not disenfranchised on account of their membership in a language minority group.

    9.    Plaintiff admits Paragraph 9.

    10.    Plaintiff admits Paragraph 10 as to the duties of the Secretary concerning the printing of the ballot for federal and state elections except to the extent that such statements include legal conclusions, to which no response is required. The United States denies that state law fails to provide for bilingual ballots in Chinese and English. The United States admits that it agreed with the City of Boston that Boston would seek passage by the State Legislature of a Home Rule Petition authorizing the use by the City of Chinese and Vietnamese bilingual ballots in all state and federal elections administered by the City as required by the MOA. The United States also admits that the parties agreed that if such legislation was not obtained by 90 days before the September 30, 2006 state and federal elections, the United States and the City would file a joint petition for a declaratory order regarding whether the City could print and distribute bilingual ballots in that election.

**The Special State Law-Chapter 111**

11.     The United States is without knowledge or information sufficient to form a belief as to the truth of the claim that the Secretary cooperated with the City in drafting and securing enactment of the special state legislation, or that legislation was drafted principally by the Secretary's office.

12.     The United States denies that the Secretary did not understand or intend the legislation providing for preparation of bilingual Chinese and English ballots to encompass transliteration of candidate names.  The United States is without knowledge or information sufficient to form a belief as to the truth of the claim that the Secretary never interpreted the term "bilingual ballot" to include transliteration of candidate names into Chinese characters.

13.     Plaintiff admits that, prior to enactment of the special law, it did not specifically indicate to the Secretary that it intended or understood the term "bilingual" to include transliteration of candidate names into Chinese characters on the ballots.  The United States, however, denies any assertion that the Secretary was not aware that the term "bilingual" included transliteration.  The United States is without knowledge or information sufficient to form a belief as to the truth of the claim that, prior to the enactment of the special state law, no representative of the City made such an indication to the Secretary or the claim that had anyone communicated such an intent to the Secretary that he would have opposed the use of such term "bilingual" in the proposed legislation unless it were defined to exclude such an interpretation.

14.     Plaintiff denies Paragraph 14.

15.     Plaintiff denies Paragraph 15.

16.     Plaintiff admits Paragraph 16 except to the extent that it asserts that the

lack of transliteration on the May 16, 2006 ballots complied with the MOA.

17. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the claim concerning what the Chair of the Boston Election Department testimony consisted of.

18. Plaintiff admits Paragraph 18.

19. Plaintiff admits Paragraph 19.

**Elections Pursuant to Chapter 111**

20. Plaintiff admits Paragraph 20 except as to the Secretary's understanding and interpretation of Chapter 111, which the United States is without knowledge or information sufficient to form a belief.

21. Plaintiff denies Paragraph 21.

22. Plaintiff admits Paragraph 22.

23. Plaintiff denies Paragraph 23.

**Development of Transliteration As An Issue**

24. Plaintiff admits Paragraph 24 except that the United States denies that the Secretary was not furnished a copy of the March 30, 2007 letter until late May, and denies the Secretary's assertion that the City had not made a request that the State transliterate candidate names for the September and November 2006 elections in Boston.

25. Plaintiff denies that the first indication from the City or from the United States to the Secretary concerning transliteration of candidate names occurred shortly before the April 17, 2007 Special election. The United States admits that the City notified the Secretary that the City had transliterated candidate names for the April 17, 2007 election.

26. Plaintiff admits Paragraph 26.

27. Plaintiff admits that such a letter was written and sent to the City of Boston and copied to the United States.

28. Plaintiff admits Paragraph 28.

29. Plaintiff denies Paragraph 29.

30. Paragraph 30 contains legal conclusions not requiring a response.

**Count One - Ballots For State and Federal Elections**

31. The replies to paragraphs 1-30 are incorporated herein.

32. Plaintiff denies Paragraph 32.

33. Plaintiff denies Paragraph 33.

**Count Two - Ballots For Municipal Elections**

34. The replies to paragraphs 1-33 are incorporated herein.

35. Plaintiff denies Paragraph 35.

36. Plaintiff denies Paragraph 36.

37. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the claim concerning what the City of Boston "apparently intends."

38. Plaintiff denies Paragraph 38.

**Count Three - Boston's Violation of Chapter 111 §§ 4-5**

39. The replies to paragraphs 1-38 are incorporated herein.

40. Plaintiff denies Paragraph 40.

41. Plaintiff denies Paragraph 41.

42. Plaintiff denies Paragraph 42.

43. Plaintiff denies Paragraph 43.

**Count Four - Authority To Print Ballots For State and Federal Elections**

44. The replies to paragraphs 1-44 are incorporated herein.

45. Plaintiff denies Paragraph 40 except to the extent that it contains legal

conclusions

not requiring a response.

46. Plaintiff denies Paragraph 40.

47. Plaintiff denies Paragraph 47.

WHEREFORE, in reply to the Counter Claimant's prayer for relief, the United States respectfully requests that the Secretary's Counter Claims be dismissed.

Respectfully submitted,

RENA J. COMISAC
Acting Assistant Attorney General
Civil Rights Division

*/s/ Jared M. Slade*
JOHN TANNER
SUSANA LORENZO-GIGUERE
VERONICA SEUNGWON JUNG
T. RUSSELL NOBILE
JARED M. SLADE
jared.slade@usdoj.gov
Attorneys, Voting Section
Civil Rights Division
United States Department of Justice
Room 7254 NWB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Date: September 17, 2007

(202) 305-4733 (phone)
(202) 307-3961 (fax)

**CERTIFICATE OF SERVICE**

      I, Jared M. Slade, hereby certify that the foregoing document and proposed order filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 17, 2007.

                                                    */s/ Jared M. Slade*
                                                    JARED M. SLADE
                                                    Trial Attorney, Voting Section
                                                    United States Department of Justice