**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO.** 05-11598-WGY

| |
|---|
| UNITED STATES OF AMERICA,<br><br>    <u>Plaintiff</u>,<br><br>v.<br><br>CITY OF BOSTON, MASSACHUSETTS; THOMAS M. MENINO, in his official capacity as Mayor of the City of Boston; BOSTON CITY COUNCIL; MICHAEL F. FLAHERTY, PAUL J. SCAPICCHIO, JAMES M. KELLY, MAUREEN E. FEENEY, CHARLES C. YANCY, ROB CONSALVO, JOHN TOBIN, CHUCK TURNER, MICHAEL P. ROSS, JERRY P. MCDERMOTT, FELIX D. ARROYO, MAURA HENNIGAN, STEPHEN J. MURPHY; BOSTON ELECTION DEPARTMENT; GERALDINE CUDDYER, in her official capacity as Chair of the Boston Election Department; SECRETARY OF THE COMMONWEALTH OF MASSACHUSETTS,<br><br>    <u>Defendants</u>. |

**<u>DEFENDANT CITY OF BOSTON REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS</u>**

**I.   INTRODUCTION**

    This Reply Brief in Support of Motion to Dismiss is filed by Defendant City of Boston in response to the Court's Order of September 27, 2007, that "[t]he parties shall have 14 days from the date of this order to file

reply briefs addressed to the issue of the motion to dismiss."

II. REPLY

    A.   BASED ENTIRELY ON STATE LAW, THE SECRETARY'S CROSS-CLAIMS ARE BEST ADDRESSED BY STATE COURTS

In his Response to the City of Boston's Motion to Dismiss ("Response"), the Secretary of the Commonwealth concedes that the relief sought in his "Counterclaim And Cross-Claim" is based entirely on state law. The cross-claims set forth by the Secretary concern the implications of Chapter 111 of the Acts of 2006 and M.G.L. c. 54, § 40. Docket No. 95 at ¶¶ 31-47. Determining the scope of Massachusetts General Law and the City of Boston's compliance therewith is a matter of state law best addressed by state courts.

    B.   THE CITY OF BOSTON DOES NOT ASSERT IT HAS ANY AUTHORITY TO PREPARE BALLOTS IN FEDERAL AND STATE ELECTIONS

In his Response as well as his Cross-Claim, the Secretary of the Commonwealth speculates that the City of Boston "may intend to prepare transliterated ballots for use in state or federal elections in Boston." Docket No. 95 at ¶ 45. In fact, the City of Boston has no legal authority to prepare any ballots in federal and state elections – transliterated or otherwise.

2

According to M.G.L. c. 54, § 40, "[a]ll ballots for use in elections of state officers[1] shall be prepared and furnished by the state secretary, and all ballots for use in elections of city or town officers, by the city or town clerk."[2]  St. 2006, c. 111 does nothing to alter the respective ballot preparation responsibilities of the Secretary of the Commonwealth and the City of Boston.

### C.  ANY FEDERAL CLAIM ASSERTED BY THE SECRETARY OF THE COMMONWEALTH IS MOOT AS THE COURT HAS ALREADY RULED ON THE FEDERAL ISSUE

The Secretary's assertion of a federal law claim is entirely unsupported by fact or law.  The Secretary entered these proceedings to oppose the United States' Unopposed Motion to Clarify Memorandum of Agreement and Settlement entered by the United States and the City of Boston.  This issue of clarification constituted the only federal law question ever asserted in this phase of these proceedings.

On August 3, 2007, a three-judge panel of this Court essentially adopted the Secretary's position and held that when it entered the MOAS, the Court "did not understand that the term 'bilingual' either included or required the

---

[1] "State officers" are defined to include federal officers and "state elections" are defined to include elections to national office by virtue of M.G.L. c. 50, § 1.

[2] In Boston, the City's Election Department performs the role of the City Clerk.

transliteration of candidate names into Chinese characters." Docket No. 104. In denying the United States' Unopposed Motion to Clarify Memorandum of Agreement and Settlement, the Court disposed of the only federal issue in a manner favorable to the Secretary; all that can possibly remain are state law issues.

**III. CONCLUSION**

In his Response to the City of Boston's Motion to Dismiss, the Secretary of the Commonwealth asserts that while his pleading is categorized as a counterclaim against the United States and a cross-claim against the City of Boston, the pleading reflects one set of claims that affect all parties. Docket No. 115. Regardless of how the Secretary denominates his pleading, a careful review of his claims reveals that the issues presented by the Secretary of the Commonwealth concern the preparation of federal and state ballots under state law, a matter best addressed by state courts.

Any "palpable threat" of further legal action that the Secretary purports to address can only be based upon state law as this Court has already addressed any federal aspect of the transliteration issue.

Respectfully submitted,

DEFENDANTS, CITY OF BOSTON
AND THOMAS M. MENINO

By their attorneys:

William F. Sinnott
Corporation Counsel

/s/ Sean P. Nehill
Sean P. Nehill, BBO #665738
Assistant Corporation Counsel
Mark Sweeney, BBO #490160
First Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4049 (Nehill)
(617) 635-4040 (Sweeney)

CERTIFICATE OF SERVICE

    I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 11, 2007.

/s/ Sean Nehill
Sean Nehill